UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAULA SAVERIN | CIVIL ACTION |
| VERSUS | NO: 19-11591 |
| ACCORD HEALTHCARE, INC., et al. | SECTION: T (3) |

## ORDER

Before the Court is a Motion for Summary Judgment filed by Defendants Accord Healthcare, Inc. and Louisiana CVS Pharmacy, LLC.[1] Plaintiff Paula Saverin has filed a response.[2] Defendants have filed a reply.[3] For the reasons set forth below, the Motion for Summary Judgment is GRANTED IN PART and DISMISSED IN PART WITHOUT PREJUDICE.

Plaintiff filed a Petition for Damages in state court seeking monetary damages from Defendants; the Defendants timely removed the matter to federal court.[4] In her petition, Plaintiff alleged that on June 12, 2018, she was hospitalized for a few days and diagnosed with hyperkalemia after consuming Defendants' defective pharmaceutical products over a period of time; products that had been prescribed to her.[5] She alleged that the pharmaceutical products were later recalled on August 27, 2018, by the United States Food and Drug Administration.[6] She alleged that the defective and recalled products were manufactured and marketed by Defendants.[7]

---

[1] R. Doc. 19.
[2] R. Doc. 25.
[3] R. Doc. 29.
[4] R. Doc. 1.
[5] R. Doc. 1-2, p. 4.
[6] *Id.*
[7] *Id.*

1

Defendants in their Motion for Summary Judgment assert that Plaintiff can bring her claim only under the Louisiana Products Liability Act ("LPLA"), which provides the exclusive theories under which a plaintiff can pursue a claim against a manufacturer for an alleged product defect, and that Plaintiff has failed to allege sufficient facts in her petition that would support a claim for relief under the LPLA. In her response, Plaintiff concedes that her petition is deficient and subject to dismissal pursuant to FRCP Rule 12(b)(6) because it fails to state a claim under the LPLA.[8] She thus asks this Court for leave to amend her pleading, even though the deadline for amending the complaint has passed.[9] Defendants oppose the request for leave to amend the complaint.[10] However, this Court can discern no prejudice to the Defendants in allowing Plaintiff the opportunity to amend her complaint. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment is GRANTED IN PART and DISMISSED IN PART WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff is allowed fourteen (14) days to amend her petition to state a claim under the LPLA. Failure to do so will result in dismissal of her claims with prejudice.

New Orleans, Louisiana, this 30th day of September 2020.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. 25.
[9] R. Doc. 25. She also responds to Defendants' basis for summary judgment, namely the affidavit in support thereof, and seeks additional time for discovery to respond to the motion for summary judgment. The Court declines to grant additional discovery on the showing made, given that Plaintiff has failed to state a claim for relief under Federal Rules of Civil Procedure 12(b)(6).
[10] R. Doc. 29.