UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAULA SEVERIN | * | CIVIL ACTION |
| VERSUS | * | NO. 19-11591 |
| ACCORD HEALTHCARE, INC. ET AL. | * | SECTION "T" (2) |

**ORDER AND REASONS**

Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (ECF No. 76) is pending before me in this matter. Defendants Accord Healthcare, Inc. and Louisiana CVS Pharmacy LLC filed a timely Opposition Memorandum. ECF No. 78. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's motion is DENIED for the reasons stated herein.

**I.    BACKGROUND**

In June 2019, Plaintiff Paula Severin filed suit seeking to recover for personal injuries as a result of taking allegedly defective prescription medication. ECF No. 1-2, ¶¶ III-IV, at 2-3. Defendants removed the case in July 2019. ECF No. 1. On October 8, 2019, the court issued a Scheduling Order establishing a November 7, 2019, deadline for amendment of pleadings. ECF No. 18, at 2. By Orders dated April 30, 2020, and July 20, 2020, the Court issued 60-day stay orders for all deadlines that had not yet elapsed. ECF No. 38, 43. The court later issued a new Scheduling Order, which did not revive the expired deadline for filing amendments to the pleadings. ECF No. 50.[1]

On January 14, 2021, Plaintiff filed this Motion for Leave to File Second Amended and Supplemental Complaint. ECF No. 76. The proposed second amended complaint seeks to add

---

[1] By Order dated October 30, 2020, the Court denied the parties' request for a status conference and advised that the case manager would "reset only those deadlines and trial dates remaining in the Scheduling Order of October 8, 2019 . . . ." ECF No. 49.

1

six additional alleged acts of negligence to ¶ IX of the Petition and to delete one ground (subsection e) from that same paragraph.  Plaintiff argues that amendment is necessary "to allege her claims with more specificity and detail" because Defendants' Motion for Summary Judgment points out numerous deficiencies in the petition.  ECF No. 76-1, at 1.

Notably, the Court already ruled on Defendant's summary judgment motion.  On September 30, 2020, the court granted in part and dismissed in part Defendants' Motion for Summary Judgment.  ECF No. 44.  At that time, the court also granted Plaintiff 14 days within which to file an amended complaint.  *Id.*  In accordance with that Order, Plaintiff filed an Amended Complaint on October 13, 2020.  ECF No. 45.  Plaintiff now seeks leave to file a second amended complaint, arguing that, under Rule 15(a), leave should be "freely granted."  ECF No. 76-1, at 2.

In opposition, Defendants argue that the second amendment is not only untimely and prejudicial, but also futile.  ECF No. 78.  Further, they argue, after Judge Guidry granted in part their summary judgment motion finding that Plaintiff failed to state a claim for relief, he allowed Plaintiff an opportunity to amend her complaint, which Plaintiff did.  ECF No. 45.  In response to that amended complaint, on October 27, 2020, Defendants moved to dismiss this case because the second amended complaint still fails to state a plausible claim for relief under the Louisiana Products Liability Act.  ECF No. 47.  That dismissal motion is pending.  Now, three months after being allowed to amend and almost three months after Defendants' filed their motion to dismiss, Plaintiff seeks leave to file a second amended complaint.  ECF No. 76.

II.     **LAW AND ANALYSIS**

Plaintiff incorrectly relies on Rule 15(a) in seeking leave to amend.  While Rule 15(a) applies when a party seeks leave to amend before expiration of any deadline for amendments, when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis

is governed by Rule 16.[2] In this case, the deadline for amending pleadings expired in November 2019. ECF No. 18. Further, after ruling on Defendant's summary judgment motion, the court granted Plaintiff leave to amend, despite the expiration of the amendment deadline. ECF No. 44.

Under Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[3] The four factors relevant to determining the existence of good cause in the context of post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[4]

In this case, Plaintiff offers no explanation for her failure to include these new allegations in her October 13, 2020 amended complaint or why it took another three month after Defendants filed their Motion to Dismiss to seek this amendment. Further, the amendment appears to consist of nothing more than conclusory allegations. ECF No. 76-4, at 1-2. Discovery ends in less than thirty days and trial is scheduled for May 3, 2021. ECF No. 78, at 4. Further, Defendants' Motion to Dismiss, filed just two weeks after Plaintiff filed her amended complaint, is fully briefed and under submission. Any potential for continuance does not justify this late amendment request,

---

[2] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) ) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing Fed. R. Civ. P. 16(b)).
[3] *S & W Enters.*, 315 F.3d at 535–36; *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[4] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters.*, 315 F.3d at 536).

particularly given that Plaintiff has already been granted leave to amend after the deadline and she offers no explanation for the failure to include these allegations in that amendment.

### III. CONCLUSION

Plaintiff has failed to establish good cause to justify modification of the Scheduling Order to allow another amendment of her complaint, particularly when she could have included these current allegations in her October 13, 2020 amendment. The request comes over a year after the November 2019 deadline for amendments, three months after the time the court already allowed her to amend in connection with its summary judgment ruling, and there is less than thirty days remaining on the discovery period. Accordingly, for the reasons set forth herein,

IT IS ORDERED that Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (ECF No. 76) is DENIED.

New Orleans, Louisiana, this 4th day of February, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE